# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| JAVON FRAZIER, | ) |
| Movant, | ) |
| v. | ) No. 2:19-cv-02254-TLP-tmp |
| UNITED STATES OF AMERICA, | ) |
| Respondent. | ) |

## ORDER DENYING MOTION FOR SUMMARY JUDGMENT, DENYING RENEWED MOTION FOR AN EXPEDITED HEARING OR DISPOSITION, DENYING SECOND RENEWED MOTION FOR EXPEDITED DISPOSITION, AND DIRECTING PARTIES TO BRIEF *DAVIS* ISSUE

Movant Javon Frazier[1] filed: (1) a Request for Summary Judgment and Immediate Release ("Motion for Summary Judgment," ECF No. 8); (2) Petitioner's Traverse and Renewed Motion for an Expedited Hearing/Disposition on his 28 U.S.C. § 2255, and Renewed Request for an Immediate Release ("Renewed Motion for Expedited Hearing or Disposition," ECF No. 9); and (3) Renewed Request for Expedited Disposition of Petition ("Second Renewed Motion for Expedited Disposition," ECF No. 12). For the reasons below, the Court **DENIES** the motions and **DIRECTS** the parties to file supplemental briefs addressing the application of *United States v. Davis*, 139 S. Ct. 2319 (2019), to this case.

---

[1] Frazier is a federal prisoner. His federal Bureau of Prisons register number is 25344-076. The government is housing him currently at the Federal Correctional Institution in Herlong, California.

# **MOTION FOR SUMMARY JUDGMENT**

Frazier moved for summary judgment, asserting that he timely filed his claim under *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018). (ECF No. 8 at PageID 110.) Movant argues that the Court ordered the United States to respond to his § 2255 Motion within twenty-eight (28) days. (*Id.*) He contends that he filed a motion seeking immediate release where *Dimaya* would have reduced his sentence. (*Id.*) Movant then relies on the Federal Rules of Criminal Procedure to assert that a request for an extension of time must be tendered fourteen (14) days before the deadline and that the Government has not sought an extension. (*Id.* at PageID 111.) Movant contends that the Government has defaulted on the merits and requests immediate release. (*Id.*) Respondent has not responded to this motion, and the period for filing a response has expired.

The Court ordered the United States "to respond to the § 2255 Motion within twenty-eight (28) days from the date of entry of this Order." (ECF No. 5 at PageID 99.) The Court signed the Order May 13, 2019, and entered it on the docket May 14, 2019. The Government responded on June 5, 2019, well before the deadline. (*See* ECF No. 6.) Movant's argument that the Government missed the deadline for responding, therefore, fails.

"Even where a respondent fails entirely to respond to a § 2255 petition a federal District Court should ordinarily proceed to the merits of the claims rather than enter a judgment of default." *See Melville v. United States*, No. 2:06-cv-992, 2008 WL 2682853, at *1 (S.D. Ohio July 1, 2008); *see also United States v. Flynn*, No. 1:04-cr-165, 2006 WL 753123, at *1 (W.D. Mich. Mar. 22, 2006); Fed. R. Civ. P. 55(d) ("A default judgment may be entered against the United States . . . only if the claimant established a claim or right to relief by evidence that satisfies the court."). For these reasons, the Court **DENIES** Movant's motion for summary judgment. (ECF No. 8)

## RENEWED MOTIONS FOR EXPEDITED HEARING OR DISPOSITION

Movant also renewed his motion for expedited hearing or disposition (ECF No. 9), alleging that he did not receive the Government's response to his § 2255 Motion until June 20, 2019, and the response was untimely (*id.* at PageID 113). Movant also relies on the United States Supreme Court's recent decision in *United States v. Davis*, 139 S. Ct. 2319 (2019), to argue that his § 2255 Motion cannot be dismissed as untimely and to support the merits of his claims. (*See id.* at PageID 114–18.) Movant then filed a second renewed motion for expedited disposition (ECF No. 12), asserting that *Davis* is a retroactive holding directly affecting his conviction and sentence (*id.* at PageID 127).

As stated above, the Government responded timely to the § 2255 Motion so he is not entitled to a summary disposition. At the same time, however, Movant has raised the issue of the application of *Davis* to his § 2255 Motion. The Government filed its response to the § 2255 Motion before the Supreme Court decided *Davis*. The issues raised in *Davis* are relevant to the disposition of this case. For these reasons, the Court **DENIES** Movant's motions to expedite hearing or disposition. (ECF Nos. 9 & 12.) But the Court finds that additional briefing on the application of *Davis*, 139 S. Ct. 2319, to this case will be useful.

## CONCLUSION

For these reasons, the Court **DENIES** Movant's motion for summary judgment and motions for an expedited disposition. (ECF Nos. 8, 9, 12.) The Court however **DIRECTS** the parties to file supplemental briefs addressing the application of *Davis*, 139 S. Ct. 2319, to this case within twenty-eight (28) days of the entry of this Order.

**SO ORDERED**, this 22nd day of January, 2020.

                                                s/ Thomas L. Parker
                                            THOMAS L. PARKER
                                            UNITED STATES DISTRICT JUDGE