# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| JAVON FRAZIER, | ) |
|     Petitioner, | ) |
| | )     No. 2:19-cv-02254-TLP-tmp |
| v. | ) |
| UNITED STATES OF AMERICA, | ) |
|     Respondent. | ) |

**ORDER DENYING MOTION UNDER 28 U.S.C. § 2255, DENYING A CERTIFICATE OF APPEALIBILITY, CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH, AND DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL**

Petitioner Javon Frazier[1] moved pro se under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody ("§ 2255 Motion"). (ECF No. 1 & 2.) The United States responded in opposition to Petitioner's § 2255 Motion (ECF No. 6) and addressed the application of *United States v. Davis* to this case. 139 S. Ct. 2319 (2019). (ECF No. 16.) Petitioner then supplemented his brief addressing *Davis*. (ECF No. 22.)

For the reasons stated below, the Court finds the § 2255 Motion is meritless and therefore **DENIES** the motion.

## BACKGROUND

**I.      Petitioner's Conviction**

A federal grand jury charged Petitioner with (1) one count of robbery affecting interstate commerce, in violation of 18 U.S.C. § 1951 ("Hobbs Act robbery"), and (2) one count of

---

[1] Petitioner is currently an inmate at the Federal Correctional Institution in Herlong, California. His Bureau of Prisons ("BOP") register number is 25344-076.

brandishing, using, and carrying a firearm during the robbery, in violation of 18 U.S.C. § 924(c).[2]  (*See United States v. Javon Frazier*, No. 2:12-cr-20157-STA-2, ECF No. 1.)  Petitioner pleaded guilty to both counts of the indictment, and the parties agreed to a specific sentence under Federal Rule of Criminal Procedure 11(c)(1)(C).  (*Id.*, ECF No. 111, 112, & 115.)  Both parties agreed that a just sentence was a term of imprisonment of 130 months.  (*Id.*, ECF No. 111, 112, & 115.)  The Court accepted the plea agreement and imposed the 130-month sentence, followed by three years of supervised release.  (*See id.*, ECF No. 207 at PageID 419–420.)  Petitioner filed a direct appeal, and the 6th Circuit dismissed it in early 2015.  (*Id.*, at ECF No. 255.)

## II.     This § 2255 Motion

Petitioner moves under § 2255 based on *Johnson v. United States*, 576 U.S. 591 (2015), alleging that the definition of "crime of violence" in 18 U.S.C. § 924(c)(3)(B) is unconstitutionally vague.[3]  (*See* ECF No. 1 at PageID 90–91; ECF No. 2-3 at PageID 60–62, 72–74.)  Petitioner asserts that his conviction under 18 U.S.C. § 1951(b) does not qualify as a "crime of violence."  (ECF No. 2-3 at PageID 54.)  He also contends that under the Sixth Circuit's decision in *United States v. Stitt*, 860 F.3d 854 (6th Cir. 2017), the Court should not have relied on his 2008 Tennessee aggravated burglary conviction to add two additional offense levels to his criminal history points.  (*See id.* at PageID 54, 62–63, 75–80.)

---

[2] The court returned a superseding indictment charging more counts against Petitioner's codefendants.  (*See United States v. Javon Frazier*, No. 2:12-cr-20157-STA-2, ECF No. 99.)
[3] Petitioner originally filed the § 2255 motion in the criminal case (s*ee United States v. Javon Frazier*, No. 2:12-cr-20157-STA-2, ECF No. 275), and later opened as the instant civil case.  The Court respectfully **DIRECTS** the Clerk to term the motion in the criminal case with the entry of this order.

Respondent argues that Petitioner's motion is time-barred and that his conviction is valid because the predicate offense of the Hobbs Act robbery qualifies as a crime of violence under 18 U.S.C. § 924(c)(3)(A). (ECF No. 6 at PageID 101–105.) Respondent also claims that Petitioner's challenge to his 2008 Tennessee burglary conviction lacks merit because the Court sentenced him as a career offender under § 4B1.1 of the U.S. Sentencing Guidelines, not under the Armed Career Criminal Act ("ACCA"). (*Id.* at PageID 105–106.)

Respondent also filed a supplemental brief addressing *Davis*. (ECF No. 16.) Respondent argues that, although *Davis* held that the residual clause in § 924(c)(3)(B) is unconstitutionally vague, the Hobbs Act robbery conviction falls under the force clause of § 924(c)(3)(A.) (*Id.* at PageID 141.) Petitioner filed an untimely reply addressing *Davis*. (*See* ECF Nos. 19 & 22.)

## ANALYSIS OF PETITIONER'S CLAIM

### I.   Standard for § 2255 Petitions

Under 28 U.S.C. § 2255(a),

> [a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

"A prisoner seeking relief under 28 U.S.C. § 2255 must allege either: (1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (citation and internal quotation marks omitted).

### II.   Analysis

Petitioner alleges that his Hobbs Act robbery conviction does not constitute a crime of violence and that the Court improperly used his Tennessee aggravated burglary conviction to lengthen his sentence.

### A. Hobbs Act Robbery & *Davis* Claim

Under 18 U.S.C. § 924(c)(1), "any person who, during and in relation to any crime of violence . . . uses or carries a firearm, or who in furtherance of any such crime, possesses a firearm," will, along with the punishment imposed for that crime of violence, receive a consecutive sentence of at least five years. 18 U.S.C. §§ 924(c)(1)(A), (D). Section 924(c)(3) defines "crime of violence" as any felony that

> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another (the "use-of-force clause"), or
>
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense (the "residual clause").

18 U.S.C. § 924(c)(3)(A)-(B).

In 2019, the Supreme Court held that the residual clause in 18 U.S.C. § 924(c)(3) is unconstitutionally vague. *Davis*, 139 S. Ct. at 2336. The Court relied on its holdings in *Johnson*, which invalidated the residual clause in the ACCA, and *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018), which invalidated the residual clause in 18 U.S.C. § 16. *Id.* at 2334. Neither the Supreme Court nor the Sixth Circuit has held that the rule announced in *Davis* applies retroactively to cases on collateral review.[4] *See id.* at 2354 (Kavanaugh, J., dissenting); *see*

---

[4] Other federal courts of appeal considering the matter have determined that *Davis* applies retroactively to cases on collateral review. *See, e.g., In re Mullins*, 942 F.3d 975, 979 (10th Cir. 2019) ("*Welch* dictates that *Davis*—like *Johnson*—'announced a substantive rule that has retroactive effect in cases on collateral review.'" (quoting *Welch v. United States*, 136 S. Ct. 1257, 1268 (2016))); *In re Hammoud*, 931 F.3d 1032, 1039 (11th Cir. 2019) ("*Davis* announced a new substantive rule, and *Welch* tells us that a new rule such as the one announced in *Davis* applies

4

*United States v. Ballanger*, No. CV 3:08-CR-94-CRS, 2020 WL 1281241, at *2 (W.D. Ky. Mar. 17, 2020) ("[I]t remains to be determined whether *Davis*' holding will apply retroactively on collateral review").  Even still, this Court will assume retroactivity and consider the merits of Petitioner's claim under *Davis*.  The first order of business is to see whether the predicate offense for Petitioner's § 924(c) conviction, the Hobbs Act robbery, is a crime of violence.

The answer to this first question is yes.  Under 18 U.S.C. § 1951(b)(1), robbery under the Hobbs Act is defined as "the unlawful taking or obtaining of personal property from the person or in the presence of another, against his will, by means of actual or threatened force, or violence, or fear of injury . . . ."  *See* 18 U.S.C. § 1951(b)(1).  The offense "clearly 'has as an element the use, attempted use, or threatened use of physical force against the person or property of another' as necessary to constitute a crime of violence under § 924(c)(3)(A)."  *United States v. Gooch*, 850 F.3d 285, 291–92 (6th Cir. 2017); *see also United States v. Holmes*, 797 F. App'x 912, 291–92 (6th Cir. 2019) (reaffirming *Gooch*'s holding that, following the Supreme Court's decision in *Davis*, robbery under the Hobbs Act qualifies as a crime of violence under the use-of-force clause).

Because Hobbs Act robbery constitutes a crime of violence under § 924(c)(3)(A), the Supreme Court's ruling in *Davis* based on the residual clause (§ 924(c)(3)(B)) does not apply to on Petitioner's case.  *See United States v. Henderson*, 798 F. App'x 468, 469 (11th Cir. 2020) (finding that, although *Davis* invalidated the residual clause in § 924(c)(3)(b), the predicate offense under the Hobbs Act qualifies as a crime of violence under the use-of-force clause in §

---

retroactively to criminal cases that became final before the new substantive rule as announced.");  *see United States v. Bowen*, 936 F.3d 1091, 1097–98 (10th Cir. 2019).

924(c)(3)(A)). Thus, Petitioner's claim based on the *Johnson* and *Davis* line of cases lacks merit.

      **B.**      **Tennessee Aggravated Burglary Claim**

Next Respondent asserts that Petitioner's claim that his 2008 Tennessee aggravated burglary conviction is not a "violent felony" is a baseless argument. (*See* ECF No. 2-3 at PageID 54, 62–63; *see also* ECF No. 6 at PageID 105.) Petitioner relies on *Descamps v. United States*, 570 U.S. 254 (2013), which held that a conviction under the California burglary statute is broader than generic burglary and did not qualify as an enumerated offense under the ACCA. (*See* ECF No. 2-3 at PageID 79–80.) Respondent points out that Petitioner has an apples and oranges problem. The Court did not sentence Petitioner as an "armed career criminal" under 18 U.S.C. § 924(e) but as a "career offender" under § 4B1.1 of the sentencing guidelines. (ECF No. 6 at PageID 105-106.) So the *Descamps* analysis that Petitioner cites is "wholly irrelevant" to his sentencing. (*Id.* at PageID 106.) The Court agrees with Respondent here. Petitioner's argument misses the mark. The *Descamps* analysis has no application here.

What is more, the Court imposed an agreed upon sentence under Rule 12(c)(1)(C). This is yet another reason to deny this motion.

## CONCLUSION

For the reasons stated above, the Court **DENIES** Petitioner's § 2255 Motion. The Court will enter judgment for the Respondent.

## APPELLATE ISSUES

The Court **DENIES** a certificate of appealability because Petitioner has not made a substantial showing of a "valid claim of the denial of a constitutional right," or that the issues presented are "adequate to deserve encouragement to proceed further." *See Slack v. McDaniel*,

529 U.S. 473, 475 (2000) (citing *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)); *see also* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

If Petitioner applies to proceed on appeal in forma pauperis, the Court **CERTIFIES** that an appeal would not be taken in "good faith" under 28 U.S.C. § 1915(a)(3). The Court **DENIES** therefore leave to appeal in forma pauperis. *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman*, 117 F.3d 949, 952 (6th Cir. 1997).

**SO ORDERED**, this 19th day of November, 2020.

                                                               s/Thomas L. Parker
                                                                THOMAS L. PARKER
                                                                UNITED STATES DISTRICT JUDGE